4A Gen. Contr. Corp. v James (2022 NY Slip Op 00962)





4A Gen. Contr. Corp. v James


2022 NY Slip Op 00962


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Index No. 655027/20 Appeal No. 15302 Case No. 2021-01130 

[*1]4A General Contracting Corp., et al., Plaintiffs-Appellants,
v
Letitia James etc. et al., Defendants-Respondents, Lumbermens Mutual Casualty Co., Defendant.


Raymond J. Aab, New York, for appellants.
Letitia James, Attorney General, New York (Cleland B. Welton II of counsel), for Letitia James, New York State Attorney General, respondent.
Gottesman, Wolgel, Flynn & Weinberg, P.C., New York (Kelsey Bilodeau of counsel), for RLI Insurance Co., respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 1, 2020, which, to the extent appealed as limited by the briefs, granted the motion of defendants Attorney General and RLI Insurance Co. to dismiss the complaint and denied plaintiffs' cross motion for summary judgment to dismiss the counterclaim by defendant RLI Insurance Co. for indemnification, unanimously affirmed, without costs.
In their complaint, plaintiffs sought to recover a $1 million payment they had deposited with the Office of the Attorney General (OAG) under the terms of a plea agreement. The plea agreement resolved a criminal case in which plaintiffs were accused of failure to pay the prevailing wages required for public work projects. Furthermore, according to the OAG, plaintiffs falsified certified payroll records filed with the New York City Housing Authority and created a series of affiliated entities to conceal their criminal activities. The plea agreement required plaintiff Spiridon Anthoulis to plead guilty to one count of grand larceny and one count of failure to pay prevailing wages in violation of Labor Law § 198-a(1), and also required him to pay up to $7.2 million in restitution in exchange for receiving a recommended sentence of up to six months in jail and five years of probation.
Supreme Court correctly dismissed the complaint. As the court found, under the terms of the plea agreement, the $1 million payment was not a mere escrow deposit, but was a payment to OAG towards the restitution agreement, and plaintiffs have no valid basis for recovering that payment from OAG or for challenging the terms of the plea agreement.
Plaintiffs also have no basis to recover from defendant RLI any of the $1 million restitution payment. RLI received a portion of the payment from OAG following a court-approved settlement agreement in a separate litigation, which also alleged that workers employed by plaintiffs were underpaid relative to prevailing wages. Under the terms of that settlement, the workers eligible to receive restitution from the amounts owed by Anthoulis to OAG agreed that OAG could assign and distribute to RLI their rights to those restitution payments for the purpose of funding the settlement amount, and under the terms of his plea agreement Anthoulis expressly waived any right to object to the distribution of the restitution funds by OAG.
Further, Supreme Court correctly determined that the record before it did not
allow for a grant of plaintiffs' motion for summary judgment dismissing the indemnification counterclaim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022